Case 2:16-cr-00403-JFB Document 129 Filed 07/13/17 Page 1 of 51 PageID #: 731

JJD:RAT/PGS
F. #2016R01021

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 13 2017 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

EDWIN AMAYA-SANCHEZ,
    also known as "Strong,"
WILLIAM CASTELLANOS,
    also known as "Dizzy" and "Satanico,"
JHONNY CONTRERAS,
    also known as "Muerte," "Reaper" and
    "Conejo,"
REYNALDO LOPEZ-ALVARADO,
    also known as "Mente,"
ELMER ALEXANDER LOPEZ,
    also known as "Smiley," "Little Smiley"
    and "Alex,"
SELVIN CHAVEZ,
    also known as "Flash,"
GERMAN CRUZ,
    also known as "Bad Boy,"

ENRIQUE PORTILLO,
    also known as "Oso" and "Turkey,"
ALEXI SAENZ,
    also known as "Blasty" and "Big Homie,"
JAIRO SAENZ,
    also known as "Funny,"
MARIO AGUILAR-LOPEZ,
    also known as "Cuchumbo,"
JEFFREY AMADOR,
    also known as "Cruel,"
RONALD CATALAN,
    also known as "Stranger,"

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 16-403 (S-3)(JFB)
(T. 18, U.S.C., §§ 844(h)(1),
  924(c)(1)(A)(i), 924(c)(1)(A)(ii),
  924(c)(1)(A)(iii), 924(c)(1)(C),
  924(j)(1), 1512(k), 1959(a)(1),
  1959(a)(3), 1959(a)(5), 1962(c),
  1962(d), 1963, 2, 3 and
  3551 et seq.; T. 21, U.S.C., §§ 846,
  841(b)(1)(C) and 841(b)(1)(D))

ALEXIS HERNANDEZ,
SANTOS LEONEL ORTIZ-FLORES,
████████████████████████
JOSE SUAREZ,
    also known as "Chompira," and
OMAR ANTONIO VILLALTA,
    also known as "Anticristo,"

               Defendants.

– – – – – – – – – – – – – – – – – – X

THE GRAND JURY CHARGES:

### INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment:

#### The Enterprise

1.      La Mara Salvatrucha, also known as the MS-13, (hereinafter the "MS-13" or the "enterprise") was a transnational criminal organization with members located throughout Long Island, New York, Queens, New York and elsewhere. Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2.      The defendants EDWIN AMAYA-SANCHEZ, also known as "Strong," WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," SELVIN CHAVEZ, also known as "Flash," GERMAN CRUZ, also known as "Bad Boy," ████████████ ████████████████████ ENRIQUE PORTILLO, also known as "Oso" and

2

"Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ,

also known as "Funny," ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ MARIO

AGUILAR-LOPEZ, also known as "Cuchumbo," JEFFREY AMADOR, also known as

"Cruel," RONALD CATALAN, also known as "Stranger," ALEXIS HERNANDEZ,

SANTOS LEONEL ORTIZ-FLORES, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, JOSE

SUAREZ, also known as "Chompira," and OMAR ANTONIO VILLALTA, also known

as "Anticristo," were members and associates of the MS-13.

       3.     The MS-13, including its leadership, membership and associates,

constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that

is, a group of individuals associated in fact. The enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of

achieving the objectives of the enterprise. The enterprise was engaged in, and its activities

affected, interstate and foreign commerce.

<u>Purposes of the Enterprise</u>

       4.     The purposes of the enterprise included the following:

       a.     Promoting and enhancing the prestige, reputation and position

of the enterprise with respect to rival criminal organizations.

       b.     Preserving and protecting the power, territory and criminal

ventures of the enterprise through the use of intimidation, threats of violence and acts of

violence, including assault and murder.

       c.     Keeping victims and rivals in fear of the enterprise and its

members and associates.

3

d.      Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

e.      Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

### Means and Methods of the Enterprise

5.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.      Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

b.      Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

c.      Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

### COUNT ONE
### (Racketeering)

6.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

4

7.   On or about and between January 1, 2008 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," JEFFREY AMADOR, also known as "Cruel," RONALD CATALAN, also known as "Stranger," ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ████████ ██████████████████ and OMAR ANTONIO VILLALTA, also known as "Anticristo," together with others, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #1)

8.   The defendant REYNALDO LOPEZ-ALVARADO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act One:

A.    Conspiracy to Murder

9.    In or about April 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Attempted Murder of John Doe #1

10.    On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT TWO
(Conspiracy to Murder Rival Gang Members and Murder of Derrick Mayes)

11.    The defendant JHONNY CONTRERAS, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Two:

A.    Conspiracy to Murder

12.    In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

6

B.      Murder of Derrick Mayes

13.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, with intent to cause the death of another person, to wit: Derrick Mayes, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT THREE
(Conspiracy to Murder Rival Gang Members and Murder of Keenan Russell)

14.     The defendant JHONNY CONTRERAS, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Three:

A.      Conspiracy to Murder

15.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.      Murder of Keenan Russell

16.     On or about May 28, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, with intent to cause the death of another person, to wit: Keenan Russell, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

7

## RACKETEERING ACT FOUR
(Conspiracy to Commit Obstruction of Justice, Conspiracy to Commit Arson, and Arson)

17. The defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Four:

### A. Conspiracy to Commit Obstruction of Justice

18. In or about May 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, did knowingly, intentionally and corruptly conspire to: (a) alter, destroy, mutilate and conceal an object, to wit: a 2003 Ford Windstar van, with the intent to impair the object's integrity and availability for use in an official proceeding, contrary to Title 18, United States Code, Section 1512(c)(1); and (b) obstruct, influence and impede an official proceeding, by agreeing to conceal evidence of one or more murders, to wit: a 2003 Ford Windstar van, contrary to Title 18, United States Code, Section 1512(c)(2), in violation of Title 18, United States Code, Section 1512(k).

### B. Arson Conspiracy

19. On or about May 30, 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally conspire to damage a motor vehicle, to wit: a 2003 Ford Windstar van, by starting a fire, in violation of New York Penal Law Sections 150.10 and 105.10.

8

C.     Arson

20.     On or about May 30, 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally damage a motor vehicle, to wit: a 2003 Ford Windstar van, by starting a fire, in violation of New York Penal Law Sections 150.10 and 20.00.

## RACKETEERING ACT FIVE
(Conspiracy to Distribute Cocaine and Marijuana)

21.     In or about and between January 2015 and February 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REYNALDO LOPEZ-ALVARADO, JEFFREY AMADOR and RONALD CATALAN, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and (b) a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), in violation of Title 21, United States Code, Section 846.

## RACKETEERING ACT SIX
### (Conspiracy to Murder Rival Gang Members, Attempted Murder of John Doe #2, and Attempted Murder of John Doe #3)

22.     The defendants JEFFREY AMADOR and RONALD CATALAN, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Six:

A.     Conspiracy to Murder

23.     In or about October 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR and RONALD CATALAN, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Attempted Murder of John Doe #2

24.     On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR and RONALD CATALAN, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

C.     Attempted Murder of John Doe #3

25.     On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR and RONALD CATALAN, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #3, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

**RACKETEERING ACT SEVEN**
(Conspiracy to Murder Jose Pena and Murder of Jose Pena)

26.     The defendant ELMER ALEXANDER LOPEZ, together with others, committed the following acts, either one of which constitutes Racketeering Act Seven:

A.      Conspiracy to Murder Jose Pena

27.     In or about and between May 2016 and June 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally conspire to cause the death of Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.      Murder of Jose Pena

28.     On or about June 3, 2016, within the Eastern District of New York and elsewhere, the defendant ELMER ALEXANDER LOPEZ, together with others, with intent to cause the death of another person, to wit: Jose Pena, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

**RACKETEERING ACT EIGHT**
(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #4)

29.     The defendant ELMER ALEXANDER LOPEZ, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Eight:

A.      Conspiracy to Murder

30.     In or about and between June 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York, the defendant

11

ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

      B.    <u>Attempted Murder of John Doe #4</u>

      31.    In or about June 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #4, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

      C.    <u>Attempted Murder of John Doe #4</u>

      32.    On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT NINE

(Conspiracy to Murder Kayla Cuevas and Murder of Kayla Cuevas)

      33.    The defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Nine:

      A.    <u>Conspiracy to Murder</u>

      34.    In or about September 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire to cause

12

the death of Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and

105.15.

B.     Murder

35.     On or about September 13, 2016, within the Eastern District of New

York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI

SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another

person, to wit: Kayla Cuevas, did knowingly and intentionally cause her death, in violation

of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TEN

(Conspiracy to Murder Nisa Mickens and Murder of Nisa Mickens)

36.     The defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI

SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one

of which alone constitutes Racketeering Act Ten:

A.     Conspiracy to Murder

37.     On or about September 13, 2016, within the Eastern District of New

York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI

SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire

to cause the death of Nisa Mickens, in violation of New York Penal Law Sections 125.25(1)

and 105.15.

B.     Murder

38.     On or about September 13, 2016, within the Eastern District of New

York and elsewhere, the defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI

SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another

13

person, to wit: Nisa Mickens, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT ELEVEN
(Conspiracy to Murder Esteban Alvarado-Bonilla and Murder of Esteban Alvarado-Bonilla)

39.     The defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and MARIO AGUILAR-LOPEZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eleven:

A.     Conspiracy to Murder

40.     On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and MARIO AGUILAR-LOPEZ, together with others, did knowingly and intentionally conspire to cause the death of Esteban Alvarado-Bonilla, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder

41.     On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and MARIO AGUILAR-LOPEZ, together with others, with intent to cause the death of another person, to wit: Esteban Alvarado-Bonilla, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT TWELVE
(Conspiracy to Distribute Cocaine and Marijuana)

42.     In or about and between April 2016 and March 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

14

defendants SELVIN CHAVEZ, ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ

and MARIO AGUILAR-LOPEZ, together with others, did knowingly and intentionally

conspire to distribute and possess with intent to distribute one or more controlled substances,

which offense involved: (a) a substance containing cocaine, a Schedule II controlled

substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and

(b) a substance containing marijuana, a Schedule I controlled substance, for remuneration,

contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), in violation of

Title 21, United States Code, Section 846.

### RACKETEERING ACT THIRTEEN
(Conspiracy to Murder Rival Gang Members)

43. In or about April 2017, within the Eastern District of New York and

elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES,

███████████████████████ and OMAR ANTONIO VILLALTA, together with

others, did knowingly and intentionally conspire to cause the death of one or more rival gang

members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT FOURTEEN
(Murder of Justin Llivicura)

44. On or about April 11, 2017, within the Eastern District of New York

and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-

FLORES, ███████████████████████ and OMAR ANTONIO VILLALTA,

together with others, with intent to cause the death of another person, to wit: Justin Llivicura,

did knowingly and intentionally cause his death, in violation of New York Penal Law

Sections 125.25(1) and 20.00.

### RACKETEERING ACT FIFTEEN
(Murder of Michael Lopez)

45. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████████ and OMAR ANTONIO VILLALTA, together with others, with intent to cause the death of another person, to wit: Michael Lopez, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT SIXTEEN
(Murder of Jorge Tigre)

46. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████████ and OMAR ANTONIO VILLALTA, together with others, with intent to cause the death of another person, to wit: Jorge Tigre, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT SEVENTEEN
(Murder of Jefferson Villalobos)

47. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████████ and OMAR ANTONIO VILLALTA, together with others, with intent to cause the death of another person, to wit: Jefferson

16

Villalobos, did knowingly and intentionally cause his death, in violation of New York Penal

Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

<u>COUNT TWO</u>
(Racketeering Conspiracy)

48.    The allegation contained in paragraphs one through five are realleged

and incorporated as if fully set forth in this paragraph.

49.    On or about and between January 1, 2008 and the date of this

Superseding Indictment, both dates being approximate and inclusive, within the Eastern Dis-

trict of New York and elsewhere, the defendants JHONNY CONTRERAS, also known as

"Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as

"Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and

"Alex," SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as

"Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO

SAENZ, also known as "Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo,"

JEFFREY AMADOR, also known as "Cruel," RONALD CATALAN, also known as

"Stranger," ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ██████

████████████ and OMAR ANTONIO VILLALTA, also known as

"Anticristo," together with others, being persons employed by and associated with the MS-

13, an enterprise engaged in, and the activities of which affected, interstate and foreign

commerce, did knowingly and intentionally conspire to violate Title 18, United States Code,

Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of

17

the affairs of the MS-13 through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

50.     The pattern of racketeering activity through which the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," JEFFREY AMADOR, also known as "Cruel," RONALD CATALAN, also known as "Stranger," ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████████ and OMAR ANTONIO VILLALTA, also known as "Anticristo," together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs eight through 47 of Count One of this Superseding Indictment, as Racketeering Acts One through Seventeen, which are realleged and incorporated as if fully set forth in this paragraph. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

· (Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Conspiracy to Murder Rival Gang Members)

51.     At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth herein, including its leadership, membership and associates, constituted an

"enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group

of individuals associated in fact that was engaged in, and the activities of which affected,

interstate and foreign commerce. The enterprise constituted an ongoing organization whose

members functioned as a continuing unit for a common purpose of achieving the objectives

of the enterprise.

52.     At all times relevant to this Superseding Indictment, the MS-13,

through its members and associates, engaged in racketeering activity, as defined in Title 18,

United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving

murder, extortion and robbery, that are chargeable under New York Penal Law and

punishable by imprisonment for more than one year, acts indictable under Title 18, United

States Code, Sections 1512 (relating to tampering with a witness, victim or informant) and

1513 (relating to retaliating against a witness, victim or informant), and offenses involving

narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846.

53.     In or about April 2013, within the Eastern District of New York, the

defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with

others, for the purpose of gaining entrance to and maintaining and increasing position in the

MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder one or more rival gang members, in violation of New York Penal Law

Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FOUR
(Attempted Murder of John Doe #1)

54.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

55.    On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #1, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FIVE
(Assault of John Doe #1 with Dangerous Weapons)

56.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

57.    On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #1 with one or more dangerous weapons, to wit: a 20-gauge shotgun and a .25 caliber handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

20

## COUNT SIX
(Brandishing and Discharge of Firearms During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #1)

58.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

59.     On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Three, Four and Five, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SEVEN
(Conspiracy to Murder Rival Gang Members)

60.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

61.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

21

## COUNT EIGHT
### (Murder of Derrick Mayes)

62.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

63.    On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Derrick Mayes, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT NINE
### (Brandishing and Discharge of Firearms During Crimes of Violence: Derrick Mayes Murder and Murder Conspiracy)

64.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

65.    On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Seven and Eight, and did knowingly and intentionally possess one or more firearms in

22

furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
### (Causing the Death of Derrick Mayes Through the Use of a Firearm)

66.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

67.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Nine, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Derrick Mayes willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT ELEVEN
### (Conspiracy to Murder Rival Gang Members)

68.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

69.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally conspire to murder one or more rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWELVE
### (Murder of Keenan Russell)

70.     The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

71.     On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally murder Keenan Russell, in violation of New York Penal Law Sections

125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT THIRTEEN
### (Brandishing and Discharge of Firearms During Crimes of Violence: Keenan Russell Murder and Murder Conspiracy)

72.     The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

73.     On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, did knowingly and intentionally use and carry one or more firearms

24

during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts

Eleven and Twelve, and did knowingly and intentionally possess one or more firearms in

furtherance of such crimes of violence, one or more of which firearms was brandished and

discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Causing the Death of Keenan Russell
Through the Use of a Firearm)

74.    The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

75.    On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, in the course of a violation of Title 18, United States Code, Section

924(c), to wit: the crime charged in Count Thirteen, did knowingly and intentionally cause

the death of a person through the use of a firearm, which killing was a murder as defined in

Title 18, United States Code, Section 1111(a), in that the defendant, together with others,

with malice aforethought, did unlawfully kill Keenan Russell willfully, deliberately,

maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Accessory After the Fact)

76.    On or about and between May 28, 2013 and May 30, 2013, both dates

being approximate and inclusive, within the Eastern District of New York, the defendant

REYNALDO LOPEZ-ALVARADO, also known as "Mente," knowing that one or more offenses against the United States had been committed, to wit: the offenses charged in Counts Eleven, Twelve, Thirteen and Fourteen, did knowingly and intentionally receive and assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Commit Obstruction of Justice)

77.     In or about May 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," and REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did knowingly, intentionally and corruptly conspire to: (a) alter, destroy, mutilate and conceal an object, to wit: a 2003 Ford Windstar van, with the intent to impair the object's integrity and availability for use in an official proceeding, contrary to Title 18, United States Code, Section 1512(c)(1); and (b) obstruct, influence and impede an official proceeding, by agreeing to conceal evidence of such murders, to wit: a 2003 Ford Windstar van, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT SEVENTEEN
(Use of Fire to Commit a Felony)

78.     On or about May 30, 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," and REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did

knowingly and intentionally use fire to commit a felony prosecutable in a court of the United

States, to wit: the crime charged in Count Sixteen.

(Title 18, United States Code, Sections 844(h)(1), 2 and 3551 et seq.)

### COUNT EIGHTEEN
(Conspiracy to Murder Jose Lainez-Murcia)

79.     The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

80.     In or about July 2014, within the Eastern District of New York and

elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together

with others, for the purpose of gaining entrance to and maintaining and increasing position in

the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder Jose Lainez-Murcia, in violation of New York Penal Law Sections

125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT NINETEEN
(Murder of Jose Lainez-Murcia)

81.     The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

82.     On or about July 14, 2014, within the Eastern District of New York and

elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together

with others, for the purpose of gaining entrance to and maintaining and increasing position in

the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

27

murder Jose Lainez-Murcia, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY
(Brandishing and Discharge of Firearms During Crimes of Violence:
Jose Lainez-Murcia Murder and Murder Conspiracy)

83.  The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

84.  On or about July 14, 2014, within the Eastern District of New York and elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Eighteen and Nineteen, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Causing the Death of Jose Lainez-Murcia
Through the Use of Firearms)

85.  The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

86.  On or about July 14, 2014, within the Eastern District of New York and elsewhere, the defendant EDWIN AMAYA-SANCHEZ, also known as "Strong," together

with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Jose Lainez-Murcia willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Conspiracy to Distribute Cocaine and Marijuana)

87.     In or about and between January 2015 and February 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REYNALDO LOPEZ-ALVARADO, also known as "Mente," JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing marijuana, a Schedule I controlled substance for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT TWENTY-THREE
(Conspiracy to Murder Jonathan Cardona-Hernandez)

88.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

29

89.    In or about June 2015, within the Eastern District of New York, the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jonathan Cardona-Hernandez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY-FOUR
(Murder of Jonathan Cardona-Hernandez)

90.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

91.    On or about June 30, 2015, within the Eastern District of New York, the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jonathan Cardona-Hernandez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Brandishing and Discharge of Firearms During Crimes of Violence:
Jonathan Cardona-Hernandez Murder and Murder Conspiracy)

92.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

30

93.     On or about June 30, 2015, within the Eastern District of New York, the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Three and Twenty-Four, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Causing the Death of Jonathan Cardona-Hernandez
Through the Use of Firearms)

94.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

95.     On or about June 30, 2015, within the Eastern District of New York, the defendant WILLIAM CASTELLANOS, also known as "Dizzy" and "Satanico," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Twenty-Five, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Jonathan Cardona-Hernandez willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

31

## COUNT TWENTY-SEVEN
(Conspiracy to Murder Rival Gang Members)

96.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

97.     In or about October 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY-EIGHT
(Attempted Murder of John Doe #2)

98.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

99.     On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

32

## COUNT TWENTY-NINE
(Assault of John Doe #2 with Dangerous Weapons)

100.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

101.    On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with one or more dangerous weapons, to wit: one or more firearms, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTY
(Brandishing and Discharge of Firearms During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #2)

102.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

103.    On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Seven, Twenty-Eight and Twenty-Nine, and did

33

knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT THIRTY-ONE
(Attempted Murder of John Doe #3)

104.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

105.    On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #3, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-TWO
(Assault of John Doe #3 with Dangerous Weapons)

106.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

107.    On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering

34

activity, did knowingly and intentionally assault John Doe #3 with one or more dangerous weapons, to wit: one or more firearms, in violation of New York Penal Law Sections 120.05(2) and 20.00.

 (Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

COUNT THIRTY-THREE

(Brandishing and Discharge of Firearms During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #3)

 108.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

 109.     On or about October 21, 2015, within the Eastern District of New York, the defendants JEFFREY AMADOR, also known as "Cruel," and RONALD CATALAN, also known as "Stranger," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Twenty-Seven, Thirty-One and Thirty-Two, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

 (Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(c)(1)(C)(i), 2 and 3551 et seq.)

COUNT THIRTY-FOUR

(Conspiracy to Murder Jose Pena)

 110.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

 111.     In or about and between May 2016 and June 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

35

defendants ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," GERMAN CRUZ, also known as "Bad Boy," ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT THIRTY-FIVE
(Murder of Jose Pena)

112. The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

113. On or about June 3, 2016, within the Eastern District of New York and elsewhere, the defendants ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT THIRTY-SIX
### (Conspiracy to Murder Rival Gang Members)

114.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

115.    In or about and between June 2016 and July 2016, both dates being approximate and inclusive, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTY-SEVEN
### (Attempted Murder of John Doe #4)

116.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

117.    In or about June 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

37

## COUNT THIRTY-EIGHT
(Attempted Murder of John Doe #4)

118.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

119.    On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-NINE
(Assault of John Doe #4 with a Dangerous Weapon)

120.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

121.    On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #4 with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

38

## COUNT FORTY
(Brandishing and Discharge of a Firearm During Crimes of Violence:
Murder Conspiracy, Attempted Murder and Assault of John Doe #4)

122.   The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

123.   On or about July 3, 2016, within the Eastern District of New York, the defendant ELMER ALEXANDER LOPEZ, also known as "Smiley," "Little Smiley" and "Alex," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Thirty-Six, Thirty-Eight and Thirty-Nine, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FORTY-ONE
(Conspiracy to Murder Kayla Cuevas)

124.   The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

125.   In or about September 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT FORTY-TWO
(Murder of Kayla Cuevas)

126.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

127.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT FORTY-THREE
(Conspiracy to Murder Nisa Mickens)

128.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

129.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty"

and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Nisa Mickens, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FORTY-FOUR
### (Murder of Nisa Mickens)

130.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

131.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Nisa Mickens, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FORTY-FIVE
### (Accessory After the Fact)

132.    On or about September 13, 2016, within the Eastern District of New York, the defendants ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO SAENZ, also known as "Funny," knowing that one or more offenses against the United States had been committed, to wit: the offenses charged in Counts Forty-One, Forty-Two,

Forty-Three and Forty-Four, did knowingly and intentionally receive and assist one or more

offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

### COUNT FORTY-SIX
(Conspiracy to Murder Rival Gang Members)

133.    The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

134.    On or about January 30, 2017, within the Eastern District of New York

and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey,"

ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as

"Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," and JOSE SUAREZ,

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally conspire to murder one or more rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT FORTY-SEVEN
(Murder of Esteban Alvarado-Bonilla)

135.    The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

136.    On or about January 30, 2017, within the Eastern District of New York

and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey,"

ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as

"Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," and JOSE SUAREZ, together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Esteban Alvarado-Bonilla, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT FORTY-EIGHT
(Brandishing and Discharge of a Firearm During Crimes of Violence:
Esteban Alvarado-Bonilla Murder and Murder Conspiracy)

137.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

138.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," and JOSE SUAREZ, together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts Forty-Six and Forty-Seven, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

43

## COUNT FORTY-NINE
(Causing the Death of Esteban Alvarado-Bonilla Through the Use of a Firearm)

139.   The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

140.   On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," and JOSE SUAREZ, together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Forty-Eight, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Esteban Alvarado-Bonilla willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT FIFTY
(Assault of Jane Doe with a Dangerous Weapon)

141.   The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

142.   On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," and JOSE SUAREZ,

44

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally assault Jane Doe, an individual whose identity is known to the Grand Jury, with

a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections

120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FIFTY-ONE
(Brandishing and Discharge of a Firearm During Crime of Violence: Assault of Jane Doe)

143.    The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

144.    On or about January 30, 2017, within the Eastern District of New York

and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey,"

ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as

"Funny," MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," and JOSE SUAREZ,

together with others, did knowingly and intentionally use and carry a firearm during and in

relation to a crime of violence, to wit: the crime charged in Count Fifty, and did knowingly

and intentionally possess a firearm in furtherance of such crime of violence, which firearm

was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 924(c)(1)(C), 2 and 3551 et seq.)

## COUNT FIFTY-TWO
(Accessory After the Fact)

145.   On or about January 30, 2017, within the Eastern District of New York,

the defendant JOSE SUAREZ, also known as "Chompira," knowing that one or more

offenses against the United States had been committed, to wit: the offenses charged in

Counts Forty-Six through Fifty-One, did knowingly and intentionally receive and assist one

or more offenders, in order to hinder and prevent the offenders' apprehension, trial and

punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT FIFTY-THREE
(Possession of a Firearm During Crimes of Violence:
Racketeering and Racketeering Conspiracy)

146.   The allegations contained in paragraphs one through five and 51

through 52 are realleged and incorporated as if fully set forth in this paragraph.

147.   On or about March 2, 2017, within the Eastern District of New York,

the defendants ALEXI SAENZ, also known as "Blasty" and "Big Homie," and JAIRO

SAENZ, also known as "Funny," together with others, did knowingly and intentionally use

and carry a firearm during and in relation to one or more crimes of violence, to wit: the

crimes charged in Counts One and Two, and did knowingly and intentionally possess a

firearm in furtherance of such crimes of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(C), 2 and

3551 et seq.)

46

## COUNT FIFTY-FOUR
### (Conspiracy to Distribute Cocaine and Marijuana)

148.    In or about and between April 2016 and March 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SELVIN CHAVEZ, also known as "Flash," ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Big Homie," JAIRO SAENZ, also known as "Funny," and MARIO AGUILAR-LOPEZ, also known as "Cuchumbo," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing marijuana, a Schedule I controlled substance for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT FIFTY-FIVE
### (Conspiracy to Murder Rival Gang Members)

149.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

150.    In or about April 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████████ and OMAR ANTONIO VILLALTA, also known as "Anticristo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did

47

knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT FIFTY-SIX
(Murder of Justin Llivicura)

151.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

152.     On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and OMAR ANTONIO VILLALTA, also known as "Anticristo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Justin Llivicura, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT FIFTY-SEVEN
(Murder of Michael Lopez)

153.     The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

154.     On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and OMAR ANTONIO VILLALTA, also known as "Anticristo," together with others, for the purpose of gaining entrance to and

maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Michael Lopez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIFTY-EIGHT
### (Murder of Jorge Tigre)

155.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

156.    On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ████████████████████ and OMAR ANTONIO VILLALTA, also known as "Anticristo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jorge Tigre, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIFTY-NINE
### (Murder of Jefferson Villalobos)

157.    The allegations contained in paragraphs one through five and 51 through 52 are realleged and incorporated as if fully set forth in this paragraph.

158.    On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ████████████████████ and OMAR ANTONIO VILLALTA, also

known as "Anticristo," together with others, for the purpose of gaining entrance to and

maintaining and increasing position in the MS-13, an enterprise engaged in racketeering

activity, did knowingly and intentionally murder Jefferson Villalobos, in violation of New

York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

A TRUE BILL

FOREPERSON

BRIDGET M. ROHDE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

50

F. #2016R01021
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*EDWIN AMAYA-SANCHEZ, ET AL,*

Defendant.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 844(h)(1), 924(c)(1)(A)(i), 924(c)(1)(A)(ii),
924(c)(1)(A)(iii), 924(c)(1)(C), 924(j)(1), 1512(k), 1959(a)(1),
1959(a)(3), 1959(a)(5), 1962(c), 1962(d), 1963, 2, 3 and
3551 et seq.; T. 21, U.S.C., §§ 846, 841(b)(1)(C) and 841(b)(1)(D).)

*A true bill.*

_____
*Foreperson*

*Filed in open court this* _____ *day.*

*of* _____ *A.D. 20* _____

_____
*Clerk*

*Bail, $* _____
_____

*Raymond A. Tierney, Assistant U.S. Attorney (631) 715-7849*