JJD:PGS/JLG
F. #2016R01021

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ **OCT 22 2019** ★

**LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA

- against -

JHONNY CONTRERAS,
    also known as "Muerte,"
    "Reaper" and "Conejo,"
REYNALDO LOPEZ-ALVARADO,
    also known as "Mente,"

ENRIQUE PORTILLO,
    also known as "Oso"
    and "Turkey,"
ALEXI SAENZ,
    also known as "Blasty"
    and "Plaky,"
JAIRO SAENZ,
    also known as "Funny,"
JEFFREY AMADOR,
    also known as "Cruel,"
ALEXIS HERNANDEZ,
SANTOS LEONEL ORTIZ-FLORES,
    also known as "Black Angel,"

OMAR ANTONIO VILLALTA,
    also known as "Anticristo,"
EDWIN DIAZ,
    also known as "Felon" and "Ramon A.
    Garcia,"
NELSON ARGUETA-QUINTANILLA,
    also known as "Mendigo,"
WILBER ADALBERTO
FERNANDEZ-VASQUEZ,
    also known as "Asiatico,"

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>16-403 (S-7)(JFB)</u>
(T. 18, U.S.C., §§ 111(a)(1), 111(b),
113(a)(3), 113(a)(4), 113(a)(6), 844(h)(1),
844(i), 844(n), 924(c)(1)(A)(i),
924(c)(1)(A)(ii), 924(c)(1)(A)(iii),
924(j)(1), 1512(k), 1959(a)(1), 1959(a)(3),
1959(a)(4), 1959(a)(5), 1959(a)(6),
1962(c), 1962(d),   1963, 2, 3 and 3551 <u>et</u>
<u>seq.</u>; T. 21, U.S.C., §§ 846, 841(b)(1)(C)
and 841(b)(1)(D))

EVER FLORES,
>    also known as "Negro"
>    and "Grone,"
JONATHAN HERNANDEZ,
>    also known as "Travieso"
>    and "Kraken,"

███████████████████████

MARLON SERRANO,
>    also known as "Flaco" and
>    "Little Extrano,"
KEVIN TORRES,
>    also known as "Quieto"
>    and "Inquieto,"
FRANK ALEXANDER
VENTURA-RAMIREZ,
>    also known as "Olvidado"
>    and "Augustine Benitez,"
RUENDY JHONATAN
HERNANDEZ-VASQUEZ,
>    also known as "Solido,"
SANTO FERNANDEZ-BENITEZ,
>    also known as "Pelon," and

███████████████████

>                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

## INTRODUCTION TO ALL COUNTS

At all times relevant to this Superseding Indictment:

### The Enterprise

1.      La Mara Salvatrucha, also known as the MS-13 (hereinafter the "MS-13" or the "enterprise"), was a transnational criminal organization with members located throughout Long Island, New York, Queens, New York and elsewhere.  Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted

murder, robbery and assault, as well as other criminal activity, including narcotics

trafficking, extortion, witness tampering and witness retaliation.

       2.     The defendants JHONNY CONTRERAS, also known as  "Muerte,"

"Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," █████

███████████████████████████ ENRIQUE PORTILLO, also known as

"Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ,

also known as "Funny," JEFFREY AMADOR, also known as "Cruel," ALEXIS

HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, also known as "Black Angel,"

████████████████████████ OMAR ANTONIO VILLALTA, also known as

"Anticristo," EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," NELSON

ARGUETA-QUINTANILLA, also known as "Mendigo," WILBER ADALBERTO

FERNANDEZ-VASQUEZ, also known as "Asiatico," EVER FLORES, also known as

"Negro" and "Grone," JONATHAN HERNANDEZ, also known as "Travieso" and

"Kraken," ██████████████████████████████ MARLON

SERRANO, also known as "Flaco" and "Little Extrano," KEVIN TORRES, also known as

"Quieto" and "Inquieto," FRANK ALEXANDER VENTURA-RAMIREZ, also known as

"Olvidado" and "Augustine Benitez," RUENDY JHONATAN HERNANDEZ-VASQUEZ,

also known as "Solido," SANTOS FERNANDEZ-BENITEZ, also known as "Pelon," and

█████████████████████████ were members and associates of the

MS-13.

       3.     The MS-13, including its leadership, membership and associates,

constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that

is, a group of individuals associated in fact.  The enterprise constituted an ongoing

organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

   a.      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

   b.      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

   c.      Keeping victims and rivals in fear of the enterprise and its members and associates.

   d.      Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

   e.      Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

### Means and Methods of the Enterprise

5.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

   a.      Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted

murder, robbery and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

b.    Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

c.    Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

<u>COUNT ONE</u>
(Racketeering)

6.    The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.    On or about and between January 1, 2008 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ███████████████████████████ ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," JEFFREY AMADOR, also known as "Cruel," ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, also known as "Black Angel," ████████████████████ OMAR ANTONIO VILLALTA, also known as "Anticristo," EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo," WILBER

5

ADALBERTO FERNANDEZ-VASQUEZ, also known as "Asiatico," EVER FLORES, also

known as "Negro" and "Grone," JONATHAN HERNANDEZ, also known as "Travieso"

and "Kraken," ████████████████████████████ MARLON

SERRANO, also known as "Flaco" and "Little Extrano," KEVIN TORRES, also known as

"Quieto" and "Inquieto," FRANK ALEXANDER VENTURA-RAMIREZ, also known as

"Olvidado" and "Augustine Benitez," RUENDY JHONATAN HERNANDEZ-VASQUEZ,

also known as "Solido," SANTO FERNANDEZ-BENITEZ, also known as "Pelon," and

████████████████████████ together with others, being persons

employed by and associated with the MS-13, an enterprise engaged in, and the activities of

which affected, interstate and foreign commerce, did knowingly and intentionally conduct

and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a

pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1)

and 1961(5), consisting of the racketeering acts set forth below.

RACKETEERING ACT ONE

(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #1)

8.     The defendant SANTO FERNANDEZ-BENITEZ, together with others,

committed the following acts, either one of which alone constitutes Racketeering Act One:

A.     <u>Conspiracy to Murder</u>

9.     In or about August 2010, within the Eastern District of New York,

the defendant SANTO FERNANDEZ-BENITEZ, together with others, did knowingly and

intentionally conspire to cause the death of rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

B.    Attempted Murder of John Doe #1

10.    On or about August 12, 2010, within the Eastern District of New York, the defendant SANTO FERNANDEZ-BENITEZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #1, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT TWO
(Conspiracy to Murder Rival Gang Members and Attempted Murder of John Doe #2)

11.    The defendant REYNALDO LOPEZ-ALVARADO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Two:

A.    Conspiracy to Murder

12.    In or about April 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Attempted Murder of John Doe #2

13.    On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #2, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT THREE
### (Conspiracy to Murder Rival Gang Members and Murder of Derrick Mayes)

14.     The defendant JHONNY CONTRERAS, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Three:

A.     Conspiracy to Murder

15.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder of Derrick Mayes

16.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, with intent to cause the death of another person, to wit: Derrick Mayes, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT FOUR
### (Conspiracy to Murder Rival Gang Members and Murder of Keenan Russell)

17.     The defendant JHONNY CONTRERAS, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Four:

A.     Conspiracy to Murder

18.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

8

B.   <u>Murder of Keenan Russell</u>

19.   On or about May 28, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, together with others, with intent to cause the death of another person, to wit: Keenan Russell, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT FIVE
(Conspiracy to Commit Obstruction of Justice, Conspiracy to Commit Arson, and Arson)

20.   The defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Five:

A.   <u>Conspiracy to Commit Obstruction of Justice</u>

21.   In or about May 2013, within the Eastern District of New York, the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together with others, did knowingly, intentionally and corruptly conspire to: (a) alter, destroy, mutilate and conceal an object, to wit: a 2003 Ford Windstar van, with the intent to impair the object's integrity and availability for use in an official proceeding, contrary to Title 18, United States Code, Section 1512(c)(1); and (b) obstruct, influence and impede an official proceeding, by agreeing to conceal evidence of one or more murders, to wit: a 2003 Ford Windstar van, contrary to Title 18, United States Code, Section 1512(c)(2), in violation of Title 18, United States Code, Section 1512(k).

9

B.   <u>Arson Conspiracy</u>

22.   On or about May 30, 2013, within the Eastern District of New York,
the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together
with others, did knowingly and intentionally conspire to damage a motor vehicle, to wit: a
2003 Ford Windstar van, by starting a fire, in violation of New York Penal Law Sections
150.10 and 105.10.

C.   <u>Arson</u>

23.   On or about May 30, 2013, within the Eastern District of New York,
the defendants JHONNY CONTRERAS and REYNALDO LOPEZ-ALVARADO, together
with others, did knowingly and intentionally damage a motor vehicle, to wit: a 2003 Ford
Windstar van, by starting a fire, in violation of New York Penal Law Sections 150.10 and
20.00.

<u>RACKETEERING ACT SIX</u>
(Conspiracy to Distribute Cocaine and Marijuana)

24.   In or about and between January 2013 and December 2016, both dates
being approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants REYNALDO LOPEZ-ALVARADO, JEFFREY AMADOR and SANTO
FERNANDEZ-BENITEZ, together with others, did knowingly and intentionally conspire to
distribute and possess with intent to distribute one or more controlled substances, which
offense involved: (a) a substance containing cocaine, a Schedule II controlled substance,
contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and (b) a
substance containing marijuana, a Schedule I controlled substance, for remuneration,

10

contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); in violation of

Title 21, United States Code, Section 846.

## RACKETEERING ACT SEVEN
(Conspiracy to Murder Rival Gang Members, Attempted Murder of John Doe #3
and Attempted Murder of John Doe #4)

25.     The defendant JEFFREY AMADOR, together with others, committed

the following acts, any one of which alone constitutes Racketeering Act Seven:

A.     Conspiracy to Murder

26.     In or about October 2015, within the Eastern District of New York, the

defendant JEFFREY AMADOR, together with others, did knowingly and intentionally

conspire to cause the death of rival gang members, in violation of New York Penal Law

Sections 125.25(1) and 105.15.

B.     Attempted Murder of John Doe #3

27.     On or about October 21, 2015, within the Eastern District of New York,

the defendant JEFFREY AMADOR, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit: John Doe #3, an individual whose

identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1),

110.00 and 20.00.

C.     Attempted Murder of John Doe #4

28.     On or about October 21, 2015, within the Eastern District of New York,

the defendant JEFFREY AMADOR, together with others, did knowingly and intentionally

attempt to cause the death of another person, to wit: John Doe #4, an individual whose

identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT EIGHT
(Conspiracy to Murder Cesar Rivera-Vasquez and Murder of Cesar Rivera-Vasquez)

29.     The defendants JHONNY CONTRERAS, REYNALDO LOPEZ-ALVARADO and JEFFREY AMADOR, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eight:

A.     Conspiracy to Murder Cesar Rivera-Vasquez

30.     In or about November 2015, within the Eastern District of New York, the defendants JHONNY CONTRERAS, REYNALDO LOPEZ-ALVARADO and JEFFREY AMADOR, together with others, did knowingly and intentionally conspire to cause the death of Cesar Rivera-Vasquez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder of Cesar Rivera-Vasquez

31.     On or about November 19, 2015, within the Eastern District of New York, the defendants JHONNY CONTRERAS, REYNALDO LOPEZ-ALVARADO and JEFFREY AMADOR, together with others, with intent to cause the death of another person, to wit: Cesar Rivera-Vasquez, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT NINE
### (Conspiracy to Murder Michael Johnson and Murder of Michael Johnson)

32.     The defendants ALEXI SAENZ, JAIRO SAENZ, JONATHAN HERNANDEZ and ██████████ together with others, committed the following acts, either one of which alone constitutes Racketeering Act Nine:

A.     <u>Conspiracy to Murder Michael Johnson</u>

33.     In or about January 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, JAIRO SAENZ, JONATHAN HERNANDEZ and ██████████ together with others, did knowingly and intentionally conspire to cause the death of Michael Johnson, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     <u>Murder of Michael Johnson</u>

34.     On or about January 28, 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, JAIRO SAENZ, JONATHAN HERNANDEZ and ██████████ together with others, with intent to cause the death of another person, to wit: Michael Johnson, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT TEN
### (Conspiracy to Murder Oscar Acosta and Murder of Oscar Acosta)

35.     The defendants ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, JONATHAN HERNANDEZ and KEVIN TORRES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Ten:

13

A.    Conspiracy to Murder Oscar Acosta

36.    In or about April 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, JONATHAN HERNANDEZ and KEVIN TORRES, together with others, did knowingly and intentionally conspire to cause the death of Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Oscar Acosta

37.    On or about April 29, 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, JONATHAN HERNANDEZ and KEVIN TORRES, together with others, with intent to cause the death of another person, to wit: Oscar Acosta, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT ELEVEN
(Conspiracy to Murder Jose Pena and Murder of Jose Pena)

38.    The defendant ▮▮▮▮▮▮ together with others, committed the following acts, either one of which constitutes Racketeering Act Eleven:

A.    Conspiracy to Murder Jose Pena

39.    In or about and between May 2016 and June 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ▮▮▮▮▮▮ together with others, did knowingly and intentionally conspire to cause the death of Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 105.15.

14

B.    Murder of Jose Pena

40.    On or about June 3, 2016, within the Eastern District of New York and elsewhere, the defendant ▓▓▓▓▓▓▓▓ together with others, with intent to cause the death of another person, to wit: Jose Pena, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TWELVE
(Conspiracy to Murder Rival Gang Members and
Attempted Murders of John Doe #5 and John Doe #6)

41.    The defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, any one of which alone constitutes Racketeering Act Twelve:

A.    Conspiracy to Murder

42.    In or about July 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Attempted Murder of John Doe #5

43.    On or about July 18, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #5, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

15

C.    Attempted Murder of John Doe #6

44.    On or about July 18, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #6, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

RACKETEERING ACT THIRTEEN
(Conspiracy to Murder Rival Gang Members and
Attempted Murder of Rival Gang Members)

45.    The defendants ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, JONATHAN HERNANDEZ and MARLON SERRANO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Thirteen:

A.    Conspiracy to Murder

46.    On or about August 10, 2016, within the Eastern District of New York, the defendants ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, JONATHAN HERNANDEZ and MARLON SERRANO, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Attempted Murder

47.    On or about August 10, 2016, within the Eastern District of New York, the defendants ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, JONATHAN HERNANDEZ and MARLON SERRANO, together with others, did

16

knowingly and intentionally attempt to cause the death of one or more persons: to wit, one or more rival gang members, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

**RACKETEERING ACT FOURTEEN**
(Conspiracy to Commit Arson and Arson)

48.     The defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and MARLON SERRANO, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Fourteen:

A.     <u>Arson Conspiracy</u>

49.     On or about September 12, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and MARLON SERRANO, together with others, did knowingly and intentionally conspire to damage one or more motor vehicles, to wit: a 1997 Toyota RAV4 and a 2013 Toyota RAV4, by starting a fire, in violation of New York Penal Law Sections 150.10 and 105.10.

B.     <u>Arson</u>

50.     On or about September 12, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and MARLON SERRANO, together with others, did knowingly and intentionally damage one or more motor vehicles, to wit: a 1997 Toyota RAV4 and a 2013 Toyota RAV4, by starting a fire, in violation of New York Penal Law Sections 150.10 and 20.00.

## RACKETEERING ACT FIFTEEN
### (Conspiracy to Murder Kayla Cuevas and Murder of Kayla Cuevas)

51.     The defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Fifteen:

A.     <u>Conspiracy to Murder Kayla Cuevas</u>

52.     In or about September 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire to cause the death of Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     <u>Murder of Kayla Cuevas</u>

53.     On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another person, to wit: Kayla Cuevas, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT SIXTEEN
### (Conspiracy to Murder Nisa Mickens and Murder of Nisa Mickens)

54.     The defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Sixteen:

A.   Conspiracy to Murder Nisa Mickens

55.   On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, did knowingly and intentionally conspire to cause the death of Nisa Mickens, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.   Murder of Nisa Mickens

56.   On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another person, to wit: Nisa Mickens, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT SEVENTEEN
(Conspiracy to Murder Javier Castillo and Murder of Javier Castillo)

57.   The defendants ALEXI SAENZ, JAIRO SAENZ, WILBER ADALBERTO FERNANDEZ-VASQUEZ, ▌▌▌▌▌▌▌▌▌▌ FRANK ALEXANDER VENTURA-RAMIREZ and RUENDY JHONATAN HERNANDEZ-VASQUEZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Seventeen:

A.   Conspiracy to Murder Javier Castillo

58.   In or about October 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, JAIRO SAENZ, WILBER ADALBERTO FERNANDEZ-VASQUEZ, ▌▌▌▌▌▌▌▌▌▌ FRANK ALEXANDER VENTURA-RAMIREZ and RUENDY JHONATAN HERNANDEZ-VASQUEZ, together with others,

did knowingly and intentionally conspire to cause the death of Javier Castillo, in violation of New York Penal Law Sections 125.25(1) and 105.15.

    B.    <u>Murder of Javier Castillo</u>

    59.    On or about October 10, 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, JAIRO SAENZ, WILBER ADALBERTO FERNANDEZ-VASQUEZ, ▮▮▮▮▮▮▮▮▮ FRANK ALEXANDER VENTURA-RAMIREZ and RUENDY JHONATAN HERNANDEZ-VASQUEZ, together with others, with intent to cause the death of another person, to wit: Javier Castillo, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT EIGHTEEN
(Conspiracy to Murder Rival Gang Members and Murder of Dewann Stacks)

    60.    The defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and EVER FLORES, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Eighteen:

    A.    <u>Conspiracy to Murder</u>

    61.    On or about October 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and EVER FLORES, together with others, did knowingly and intentionally conspire to cause the death of rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.     Murder of Dewann Stacks

62.     On or about October 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ and EVER FLORES, together with others, with intent to cause the death of another person, to wit: Dewann Stacks, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

## RACKETEERING ACT NINETEEN
(Conspiracy to Distribute Marijuana)

63.     In or about and between January 2016 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ███████████ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D); in violation of Title 21, United States Code, Section 846.

## RACKETEERING ACT TWENTY
(Conspiracy to Murder Esteban Alvarado-Bonilla and Murder of Esteban Alvarado-Bonilla)

64.     The defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Twenty:

A.     Conspiracy to Murder Esteban Alvarado-Bonilla

65.     On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ,

together with others, did knowingly and intentionally conspire to cause the death of Esteban Alvarado-Bonilla, in violation of New York Penal Law Sections 125.25(1) and 105.15.

      B.    <u>Murder of Esteban Alvarado-Bonilla</u>

      66.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ and JAIRO SAENZ, together with others, with intent to cause the death of another person, to wit: Esteban Alvarado-Bonilla, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

RACKETEERING ACT TWENTY-ONE
(Conspiracy to Distribute Cocaine and Marijuana)

      67.    In or about and between April 2016 and October 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, ALEXI SAENZ, JAIRO SAENZ, NELSON ARGUETA-QUINTANILLA, WILBER ADALBERTO FERNANDEZ-VASQUEZ, EVER FLORES, JONATHAN HERNANDEZ, ▮▮▮▮▮▮▮▮ MARLON SERRANO, KEVIN TORRES, FRANK ALEXANDER VENTURA-RAMIREZ, RUENDY JHONATAN HERNANDEZ-VASQUEZ and ▮▮▮▮▮▮▮▮ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing cocaine, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and (b) a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code,

22

Sections 841(a)(1) and 841(b)(1)(D); in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT TWENTY-TWO
(Conspiracy to Murder Rival Gang Members)

68.     In or about and between March 2017 and April 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████ ████████████████████ OMAR ANTONIO VILLALTA and EDWIN DIAZ, together with others, did knowingly and intentionally conspire to cause the death of one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT TWENTY-THREE
(Murder of Justin Llivicura)

69.     On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ████████████████████████ OMAR ANTONIO VILLALTA and EDWIN DIAZ, together with others, with intent to cause the death of another person, to wit: Justin Llivicura, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT TWENTY-FOUR
(Murder of Michael Lopez)

70.     On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ████████████████████████ OMAR ANTONIO VILLALTA and EDWIN DIAZ, together with others, with intent to cause the death of another person, to wit:

Michael Lopez, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT TWENTY-FIVE
(Murder of Jorge Tigre)

71.     On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████ OMAR ANTONIO VILLALTA and EDWIN DIAZ, together with others, with intent to cause the death of another person, to wit: Jorge Tigre, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT TWENTY-SIX
(Murder of Jefferson Villalobos)

72.     On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, ███████████████ OMAR ANTONIO VILLALTA and EDWIN DIAZ, together with others, with intent to cause the death of another person, to wit: Jefferson Villalobos, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT TWENTY-SEVEN
(Attempted Murder of John Doe #7)

73.     On or about September 26, 2017, within the Eastern District of New York, the defendant ENRIQUE PORTILLO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #7, an individual

whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

## RACKETEERING ACT TWENTY-EIGHT
### (Attempted Murder of John Doe #8)

74.     On or about May 30, 2019, within the Eastern District of New York, the defendant ENRIQUE PORTILLO, together with others, did knowingly and intentionally attempt to cause the death of another person, to wit: John Doe #8, an individual whose identity is known to the Grand Jury, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
### (Racketeering Conspiracy)

75.     The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

76.     On or about and between January 1, 2008 and the date of this Superseding Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," ████████████████████████ ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," JEFFREY AMADOR, also known as "Cruel," ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, also known as "Black Angel," ████████████████████ OMAR ANTONIO VILLALTA, also

known as "Anticristo," EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia,"

NELSON ARGUETA-QUINTANILLA, also known as "Mendigo," WILBER

ADALBERTO FERNANDEZ-VASQUEZ, also known as "Asiatico," EVER FLORES, also

known as "Negro" and "Grone," JONATHAN HERNANDEZ, also known as "Travieso"

and "Kraken," █████████████████████████████ MARLON

SERRANO, also known as "Flaco" and "Little Extrano," KEVIN TORRES, also known as

"Quieto" and "Inquieto," FRANK ALEXANDER VENTURA-RAMIREZ, also known as

"Olvidado" and "Augustine Benitez," RUENDY JHONATAN HERNANDEZ-VASQUEZ,

also known as "Solido," SANTO FERNANDEZ-BENITEZ, also known as "Pelon," and

████████████████████████████ together with others, being persons

employed by and associated with the MS-13, an enterprise engaged in, and the activities of

which affected, interstate and foreign commerce, did knowingly and intentionally conspire to

violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate,

directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of

racketeering activity, as that term is defined in Title 18, United States Code, Sections

1961(1) and 1961(5).

77.    The pattern of racketeering activity through which the defendants

JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO

LOPEZ-ALVARADO, also known as "Mente," ███████████████████

████████████ ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI

SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny,"

JEFFREY AMADOR, also known as "Cruel," ALEXIS HERNANDEZ, SANTOS LEONEL

ORTIZ-FLORES, also known as "Black Angel," ████████████████████

OMAR ANTONIO VILLALTA, also known as "Anticristo," EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo," WILBER ADALBERTO FERNANDEZ-VASQUEZ, also known as "Asiatico," EVER FLORES, also known as "Negro" and "Grone," JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," ███████████████ ██████████████████ MARLON SERRANO, also known as "Flaco" and "Little Extrano," KEVIN TORRES, also known as "Quieto" and "Inquieto," FRANK ALEXANDER VENTURA-RAMIREZ, also known as "Olvidado" and "Augustine Benitez," RUENDY JHONATAN HERNANDEZ-VASQUEZ, also known as "Solido," SANTO FERNANDEZ-BENITEZ, also known as "Pelon," and ██████████████ ██████████████ together with others, agreed to conduct the affairs of the enterprise consisted of the racketeering acts set forth in paragraphs eight through 74 of Count One of this Superseding Indictment, as Racketeering Acts One through Twenty-Eight, which are realleged and incorporated as if fully set forth in this paragraph. Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
### (Conspiracy to Murder Rival Gang Members)

78.    At all times relevant to this Superseding Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth herein, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group

27

of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

79.     At all times relevant to this Superseding Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, extortion and robbery, that are chargeable under New York Penal Law and punishable by imprisonment for more than one year, acts indictable under Title 18, United States Code, Sections 1512 (relating to tampering with a witness, victim or informant) and 1513 (relating to retaliating against a witness, victim or informant), and offenses involving narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846.

80.     In or about April 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT FOUR
(Attempted Murder of John Doe #2)

81.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

28

82.     On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #2, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT FIVE
(Assault of John Doe #2 with Dangerous Weapons)

83.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

84.     On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #2 with one or more dangerous weapons, to wit: a 20-gauge shotgun and a .25 caliber handgun, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT SIX
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #2)

85.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

86.     On or about April 9, 2013, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Four and Five, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT SEVEN
### (Conspiracy to Murder Rival Gang Members)

87.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

88.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT EIGHT
### (Murder of Derrick Mayes)

89.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

90.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Derrick Mayes, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT NINE
(Brandishing and Discharge of Firearms During Crimes of Violence:
Derrick Mayes Murder)

91.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

92.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Two and Eight, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TEN
(Causing the Death of Derrick Mayes Through the Use of a Firearm)

93.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

94.     On or about May 26, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Nine, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Derrick Mayes willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

## COUNT ELEVEN
(Conspiracy to Murder Rival Gang Members)

95.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

96.     In or about May 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally conspire to murder one or more rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT TWELVE
(Murder of Keenan Russell)

97.     The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

98.     On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally murder Keenan Russell, in violation of New York Penal Law Sections

125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT THIRTEEN
(Brandishing and Discharge of Firearms During Crimes of Violence:
Keenan Russell Murder)

99.     The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

100.    On or about May 28, 2013, within the Eastern District of New York,

the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

together with others, did knowingly and intentionally use and carry one or more firearms

during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts

One, Two and Twelve, and did knowingly and intentionally possess one or more firearms in

furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT FOURTEEN
(Causing the Death of Keenan Russell
Through the Use of a Firearm)

101.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

102.    On or about May 28, 2013, within the Eastern District of New York, the defendant JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Thirteen, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant, together with others, with malice aforethought, did unlawfully kill Keenan Russell willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT FIFTEEN
(Accessory After the Fact)

103.    On or about and between May 28, 2013 and May 30, 2013, both dates being approximate and inclusive, within the Eastern District of New York, the defendant REYNALDO LOPEZ-ALVARADO, also known as "Mente," knowing that one or more offenses against the United States had been committed, to wit: the offenses charged in

Counts Eleven, Twelve, Thirteen and Fourteen, did knowingly and intentionally receive and

assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial

and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT SIXTEEN
(Conspiracy to Commit Obstruction of Justice)

104.    In or about May 2013, within the Eastern District of New York, the

defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," and

REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did

knowingly, intentionally and corruptly conspire to: (a) alter, destroy, mutilate and conceal

an object, to wit: a 2003 Ford Windstar van, with the intent to impair the object's

integrity and availability for use in an official proceeding, contrary to Title 18, United

States Code, Section 1512(c)(1); and (b) obstruct, influence and impede an official

proceeding, by agreeing to conceal evidence of one or more murders, to wit: a 2003 Ford

Windstar van, contrary to Title 18, United States Code, Section 1512(c)(2).

(Title 18, United States Code, Sections 1512(k) and 3551 et seq.)

## COUNT SEVENTEEN
(Use of Fire to Commit a Felony)

105.    On or about May 30, 2013, within the Eastern District of New York,

the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo,"

and REYNALDO LOPEZ-ALVARADO, also known as "Mente," together with others, did

knowingly and intentionally use fire to commit a felony prosecutable in a court of the United States, to wit: the crime charged in Count Sixteen.

(Title 18, United States Code, Sections 844(h)(1), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Conspiracy to Distribute Cocaine and Marijuana)

106.     In or about and between January 2013 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants REYNALDO LOPEZ-ALVARADO, also known as "Mente," JEFFREY AMADOR, also known as "Cruel," and SANTO FERNANDEZ-BENITEZ, also known as "Pelon," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved: (a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

## COUNT NINETEEN
(Conspiracy to Murder Rival Gang Members)

107.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

108.     In or about October 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

36

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY
(Attempted Murder of John Doe #3)

109.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

110.    On or about October 21, 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #3, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Assault of John Doe #3 with Dangerous Weapons)

111.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

112.    On or about October 21, 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe

37

#3 with one or more dangerous weapons, to wit: one or more firearms, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #3)

113.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

114.    On or about October 21, 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Twenty and Twenty-One, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Attempted Murder of John Doe #4)

115.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

116.    On or about October 21, 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to

38

murder John Doe #4, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT TWENTY-FOUR
(Assault of John Doe #4 with Dangerous Weapons)

117.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

118.     On or about October 21, 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #4 with one or more dangerous weapons, to wit: one or more firearms, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT TWENTY-FIVE
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #4)

119.     The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

120.     On or about October 21, 2015, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Twenty-Three and Twenty-Four, and did knowingly and intentionally possess one or more firearms in

39

furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT TWENTY-SIX
(Conspiracy to Murder Cesar Rivera-Vasquez)

121.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

122.   In or about November 2015, within the Eastern District of New York, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," and JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Cesar Rivera-Vasquez, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT TWENTY-SEVEN
(Murder of Cesar Rivera-Vasquez)

123.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

124.   On or about November 19, 2015, within the Eastern District of New York, the defendants JHONNY CONTRERAS, also known as "Muerte," "Reaper" and "Conejo," REYNALDO LOPEZ-ALVARADO, also known as "Mente," and JEFFREY

AMADOR, also known as "Cruel," together with others, for the purpose of gaining entrance

to and maintaining and increasing position in the MS-13, an enterprise engaged in

racketeering activity, did knowingly and intentionally murder Cesar Rivera-Vasquez, in

violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT TWENTY-EIGHT
(Conspiracy to Murder Michael Johnson)

125.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

126.    In or about January 2016, within the Eastern District of New York and

elsewhere, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO

SAENZ, also known as "Funny," JONATHAN HERNANDEZ, also known as "Travieso"

and "Kraken," and ███████████████████████████ together with

others, for the purpose of gaining entrance to and maintaining and increasing position in the

MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder Michael Johnson, in violation of New York Penal Law Sections

125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT TWENTY-NINE
(Murder of Michael Johnson)

127.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

128.    On or about January 28, 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," and ███████████████████████████ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Michael Johnson, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT THIRTY
(Conspiracy to Murder Oscar Acosta)

129.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

130.    In or about and between March 2016 and April 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo," JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTY-ONE
(Murder of Oscar Acosta)

131.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

132.   On or about April 29, 2016, within the Eastern District of New York and elsewhere, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo," JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," and KEVIN TORRES, also known as "Quieto" and "Inquieto," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Oscar Acosta, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT THIRTY-TWO
(Conspiracy to Murder Jose Pena)

133.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

134.   In or about and between May 2016 and June 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ███████████████████████████ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13,

an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT THIRTY-THREE
(Murder of Jose Pena)

135.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

136.   On or about June 3, 2016, within the Eastern District of New York and elsewhere, the defendant ███████████████████████████ together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jose Pena, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT THIRTY-FOUR
(Threatening John Doe #9)

137.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

138.   On or about July 11, 2016, within the Eastern District of New York, the defendant EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally threaten to commit a crime of violence against John Doe #9, an individual whose identity is known to the Grand Jury, in that the defendant intentionally placed and attempted to place

John Doe #9 in reasonable fear of physical injury, serious physical injury and death by displaying one or more deadly weapons and dangerous instruments, to wit: a .40 caliber Smith and Wesson semi-automatic handgun and a screwdriver, in violation of New York Penal Law Sections 120.14(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(4), 2 and 3551 et seq.)

COUNT THIRTY-FIVE
(Brandishing a Firearm During Crimes of Violence:
Racketeering and Threatening John Doe #9)

139.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

140.   On or about July 11, 2016, within the Eastern District of New York, the defendant EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together with others, did knowingly and intentionally use and carry a firearm during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One and Thirty-Four, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which firearm was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

COUNT THIRTY-SIX
(Conspiracy to Murder Rival Gang Members)

141.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

142.   In or about July 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ,

45

also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together

with others, for the purpose of gaining entrance to and maintaining and increasing position in

the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to murder one or more rival gang members, in violation of New York Penal Law

Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT THIRTY-SEVEN
(Attempted Murder of John Doe #5)

143.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

144.    On or about July 18, 2016, within the Eastern District of New York, the

defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ,

also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together

with others, for the purpose of gaining entrance to and maintaining and increasing position in

the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

attempt to murder John Doe #5, in violation of New York Penal Law Sections 125.25(1),

110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT THIRTY-EIGHT
(Assault of John Doe #5 with Dangerous Weapons)

145.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

146.    On or about July 18, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #5 with one or more dangerous weapons, to wit: one or more firearms and a machete, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT THIRTY-NINE
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #5)

147.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

148.    On or about July 18, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Thirty-Seven and Thirty-Eight, and did knowingly and intentionally possess one or more firearms in furtherance of such crimes of violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FORTY
(Attempted Murder of John Doe #6)

149.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

150.    On or about July 18, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #6, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FORTY-ONE
(Assault of John Doe #6 with Dangerous Weapons)

151.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

152.    On or about July 18, 2016, within the Eastern District of New York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault John Doe #6 with one or more dangerous weapons, to wit: one or more firearms and a

machete, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT FORTY-TWO
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder and Assault of John Doe #6)

153.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

154.    On or about July 18, 2016, within the Eastern District of New York, the

defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ,

also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together

with others, did knowingly and intentionally use and carry one or more firearms during and

in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Forty

and Forty-One, and did knowingly and intentionally possess one or more firearms in

furtherance of such crimes of violence, one or more of which firearms was brandished and

discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FORTY-THREE
(Conspiracy to Murder Rival Gang Members)

155.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

156.    In or about August 2016, within the Eastern District of New York, the

defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also

known as "Funny," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo,"

JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," and MARLON

SERRANO, also known as "Flaco" and "Little Extrano," together with others, for the

purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

enterprise engaged in racketeering activity, did knowingly and intentionally conspire to

murder one or more rival gang members, in violation of New York Penal Law Sections

125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FORTY-FOUR
(Attempted Murder of Rival Gang Members)

157.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

158.    On or about August 10, 2016, within the Eastern District of New York,

the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also

known as "Funny," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo,"

JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," and MARLON

SERRANO, also known as "Flaco" and "Little Extrano," together with others, for the

purpose of gaining entrance to and maintaining and increasing position in the MS-13, an

enterprise engaged in racketeering activity, did knowingly and intentionally attempt to

murder one or more rival gang members, in violation of New York Penal Law Sections

125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

## COUNT FORTY-FIVE
(Brandishing and Discharge of Firearms During Crimes of Violence:
Attempted Murder of Rival Gang Members)

159.     The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

160.     On or about August 10, 2016, within the Eastern District of New York,

the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also

known as "Funny," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo,"

JONATHAN HERNANDEZ, also known as "Travieso" and "Kraken," and MARLON

SERRANO, also known as "Flaco" and "Little Extrano," together with others, did knowingly

and intentionally use and carry one or more firearms during and in relation to one or more

crimes of violence, to wit: the crimes charged in Counts One and Forty-Four, and did

knowingly and intentionally possess one or more firearms in furtherance of such crimes of

violence, one or more of which firearms was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii),

924(c)(1)(A)(iii), 2 and 3551 et seq.)

## COUNT FORTY-SIX
(Use of Fire to Commit a Felony)

161.     On or about September 12, 2016, within the Eastern District of New

York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI

SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," and

MARLON SERRANO, also known as "Flaco" and "Little Extrano," together with others,

did knowingly and intentionally use fire to commit one or more felonies prosecutable in a

court of the United States, to wit: the crimes charged in Counts One and Two.

(Title 18, United States Code, Sections 844(h)(1), 2 and 3551 et seq.)

## COUNT FORTY-SEVEN
(Arson Conspiracy)

162.    On or about September 12, 2016, within the Eastern District of New

York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI

SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," and

MARLON SERRANO, also known as "Flaco" and "Little Extrano," together with others,

did knowingly and intentionally conspire to maliciously damage and destroy, by means of

fire and one or more explosives, one or more vehicles, to wit: a 1997 Toyota RAV4 and a

2013 Toyota RAV4, used in interstate and foreign commerce and in one or more activities

affecting interstate and foreign commerce, contrary to Title 18, United States Code, Section

844(i).

(Title 18, United States Code, Sections 844(n) and 3551 et seq.)

## COUNT FORTY-EIGHT
(Arson)

163.    On or about September 12, 2016, within the Eastern District of New

York, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI

SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," and

MARLON SERRANO, also known as "Flaco" and "Little Extrano," together with others,

did knowingly, intentionally and maliciously damage and destroy, and attempt to damage

and destroy, by means of fire and one or more explosives, one or more vehicles, to wit: a

1997 Toyota RAV4 and a 2013 Toyota RAV4, used in interstate and foreign commerce and in one or more activities affecting interstate and foreign commerce.

(Title 18, United States Code, Sections 844(i), 2 and 3551 et seq.)

## COUNT FORTY-NINE
(Conspiracy to Murder Kayla Cuevas)

164.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

165.    In or about September 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FIFTY
(Murder of Kayla Cuevas)

166.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

167.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and

maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Kayla Cuevas, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIFTY-ONE
(Conspiracy to Murder Nisa Mickens)

168.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

169.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to murder Nisa Mickens, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FIFTY-TWO
(Murder of Nisa Mickens)

170.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

171.    On or about September 13, 2016, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also

known as "Funny," together with others, for the purpose of gaining entrance to and

maintaining and increasing position in the MS-13, an enterprise engaged in racketeering

activity, did knowingly and intentionally murder Nisa Mickens, in violation of New York

Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT FIFTY-THREE
(Accessory After the Fact)

172.    On or about September 13, 2016, within the Eastern District of New

York, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO

SAENZ, also known as "Funny," knowing that one or more offenses against the United

States had been committed, to wit: the offenses charged in Counts Forty-Nine, Fifty, Fifty-

One and Fifty-Two, did knowingly and intentionally receive and assist one or more

offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

### COUNT FIFTY-FOUR
(Conspiracy to Murder Javier Castillo)

173.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

174.    In or about October 2016, within the Eastern District of New York and

elsewhere, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO

SAENZ, also known as "Funny," WILBER ADALBERTO FERNANDEZ-VASQUEZ, also

known as "Asiatico," ██████████████████████████████████ FRANK

ALEXANDER VENTURA-RAMIREZ, also known as "Olvidado" and "Augustine

Benitez," and RUENDY JHONATAN HERNANDEZ-VASQUEZ, also known as "Solido,"
together with others, for the purpose of gaining entrance to and maintaining and increasing
position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and
intentionally conspire to murder Javier Castillo, in violation of New York Penal Law
Sections 125.25(1) and 105.15.

 (Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

COUNT FIFTY-FIVE
(Murder of Javier Castillo)

 175.    The allegations contained in paragraphs one through five, 78 and 79 are
realleged and incorporated as if fully set forth in this paragraph.

 176.    On or about October 10, 2016, within the Eastern District of New York
and elsewhere, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO
SAENZ, also known as "Funny," WILBER ADALBERTO FERNANDEZ-VASQUEZ, also
known as "Asiatico," ███████████████████████████ FRANK
ALEXANDER VENTURA-RAMIREZ, also known as "Olvidado" and "Augustine
Benitez," and RUENDY JHONATAN HERNANDEZ-VASQUEZ, also known as "Solido,"
together with others, for the purpose of gaining entrance to and maintaining and increasing
position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and
intentionally murder Javier Castillo, in violation of New York Penal Law Sections 125.25(1)
and 20.00.

 (Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIFTY-SIX
(Conspiracy to Murder Rival Gang Members)

177.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

178.    On or about October 13, 2016, within the Eastern District of New York

and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey,"

ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as

"Funny," and EVER FLORES, also known as "Negro" and "Grone," together with others,

for the purpose of gaining entrance to and maintaining and increasing position in the MS-13,

an enterprise engaged in racketeering activity, did knowingly and intentionally conspire to

murder one or more rival gang members, in violation of New York Penal Law Sections

125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT FIFTY-SEVEN
(Murder of Dewann Stacks)

179.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

180.    On or about October 13, 2016, within the Eastern District of New York

and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey,"

ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as

"Funny," and EVER FLORES, also known as "Negro" and "Grone," together with others,

for the purpose of gaining entrance to and maintaining and increasing position in the MS-13,

an enterprise engaged in racketeering activity, did knowingly and intentionally murder

Dewann Stacks, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIFTY-EIGHT
(Conspiracy to Commit Assault Resulting in Serious Bodily Injury
Against John Doe #10 and John Doe #11)

181.   The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

182.   On or about December 18, 2016, within the Eastern District of New

York, the defendant EVER FLORES, also known as "Negro" and "Grone," together with

others, for the purpose of gaining entrance to and maintaining and increasing position in the

MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

conspire to commit an assault resulting in serious bodily injury to one or more persons, to

wit: John Doe #10 and John Doe #11, individuals whose identities are known to the Grand

Jury, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(6) and 3551 et seq.)

## COUNT FIFTY-NINE
(Assault of John Doe #10 Resulting in Serious Bodily Injury)

183.   The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

184.   On or about December 18, 2016, within the Eastern District of New

York, the defendant EVER FLORES, also known as "Negro" and "Grone," together with

others, for the purpose of gaining entrance to and maintaining and increasing position in the

MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally

assault John Doe #10, which assault resulted in serious bodily injury, in violation of New York Penal Law Sections 120.05(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

**COUNT SIXTY**
(Conspiracy to Distribute Marijuana)

185.    In or about and between January 2016 and December 2016, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ███████████████████████████████ together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a substance containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title 21, United States Code, Section 841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(D); Title 18, United States Code, Sections 3551 et seq.)

**COUNT SIXTY-ONE**
(Conspiracy to Murder Rival Gang Members)

186.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

187.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did

knowingly and intentionally conspire to murder one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

### COUNT SIXTY-TWO
(Murder of Esteban Alvarado-Bonilla)

188.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

189.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Esteban Alvarado-Bonilla, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT SIXTY-THREE
(Brandishing and Discharge of a Firearm During Crimes of Violence:
Esteban Alvarado-Bonilla Murder)

190.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

191.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, did knowingly and intentionally use and carry a firearm

during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One, Two and Sixty-Two, and did knowingly and intentionally possess a firearm in furtherance of such crimes of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

<u>COUNT SIXTY-FOUR</u>
(Causing the Death of Esteban Alvarado-Bonilla Through the Use of a Firearm)

192.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

193.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Sixty-Three, did knowingly and intentionally cause the death of a person through the use of a firearm, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendants, together with others, with malice aforethought, did unlawfully kill Esteban Alvarado-Bonilla willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

<u>COUNT SIXTY-FIVE</u>
(Assault of Jane Doe #1 with a Dangerous Weapon)

194.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

195.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault Jane Doe #1, an individual whose identity is known to the Grand Jury, with a dangerous weapon, to wit: a firearm, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SIXTY-SIX
(Brandishing and Discharge of a Firearm During Crime of Violence: Assault of Jane Doe #1)

196.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

197.    On or about January 30, 2017, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: the crime charged in Count Sixty-Five, and did knowingly and intentionally possess a firearm in furtherance of such crime of violence, which firearm was brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

COUNT SIXTY-SEVEN
(Possession of a Firearm During Crime of Violence: Racketeering)

198.    The allegations contained in paragraphs one through five, 78 and 79 are reordered and incorporated as if fully set forth in this paragraph.

199.    On or about March 2, 2017, within the Eastern District of New York, the defendants ALEXI SAENZ, also known as "Blasty" and "Plaky," and JAIRO SAENZ, also known as "Funny," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count One, and did knowingly and intentionally possess a firearm in furtherance of such crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

COUNT SIXTY-EIGHT
(Conspiracy to Distribute Cocaine and Marijuana)

200.    In or about and between April 2016 and October 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ENRIQUE PORTILLO, also known as "Oso" and "Turkey," ALEXI SAENZ, also known as "Blasty" and "Plaky," JAIRO SAENZ, also known as "Funny," NELSON ARGUETA-QUINTANILLA, also known as "Mendigo," WILBER ADALBERTO FERNANDEZ-VASQUEZ, also known as "Asiatico," EVER FLORES, also known as "Negro" and "Grone," ███████████████████████ MARLON SERRANO, also known as "Flaco" and "Little Extrano," KEVIN TORRES, also known as "Quieto" and "Inquieto," FRANK ALEXANDER VENTURA-RAMIREZ, also known as "Olvidado" and "Augustine Benitez," RUENDY JHONATAN HERNANDEZ-

VASQUEZ, also known as "Solido," and █████████████████████

████████ together with others, did knowingly and intentionally conspire to distribute and

possess with intent to distribute one or more controlled substances, which offense involved:

(a) a substance containing cocaine, a Schedule II controlled substance; and (b) a substance

containing marijuana, a Schedule I controlled substance, for remuneration, contrary to Title

21, United States Code, Section 841(a)(1).

      (Title 21, United States Code, Sections 846, 841(b)(1)(C) and 841(b)(1)(D);

Title 18, United States Code, Sections 3551 et seq.)

### COUNT SIXTY-NINE
(Conspiracy to Murder Rival Gang Members)

      201.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

      202.    In or about and between March 2017 and April 2017, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, also known as

"Black Angel," ███████████████████ OMAR ANTONIO VILLALTA, also

known as "Anticristo," and EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia,"

together with others, for the purpose of gaining entrance to and maintaining and increasing

position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and

intentionally conspire to murder one or more rival gang members, in violation of New York

Penal Law Sections 125.25(1) and 105.15.

      (Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

## COUNT SEVENTY
### (Murder of Justin Llivicura)

203.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

204.    On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, also known as "Black Angel," ███████████████ OMAR ANTONIO VILLALTA, also known as "Anticristo," and EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Justin Llivicura, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT SEVENTY-ONE
### (Murder of Michael Lopez)

205.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

206.    On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-FLORES, also known as "Black Angel," ███████████████ OMAR ANTONIO VILLALTA, also known as "Anticristo," and EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering

activity, did knowingly and intentionally murder Michael Lopez, in violation of New York
Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT SEVENTY-TWO
(Murder of Jorge Tigre)

207.    The allegations contained in paragraphs one through five, 78 and 79 are
realleged and incorporated as if fully set forth in this paragraph.

208.    On or about April 11, 2017, within the Eastern District of New York
and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-
FLORES, also known as "Black Angel," ███████████████████ OMAR
ANTONIO VILLALTA, also known as "Anticristo," and EDWIN DIAZ, also known as
"Felon" and "Ramon A. Garcia," together with others, for the purpose of gaining entrance to
and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering
activity, did knowingly and intentionally murder Jorge Tigre, in violation of New York Penal
Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

COUNT SEVENTY-THREE
(Murder of Jefferson Villalobos)

209.    The allegations contained in paragraphs one through five, 78 and 79 are
realleged and incorporated as if fully set forth in this paragraph.

210.    On or about April 11, 2017, within the Eastern District of New York
and elsewhere, the defendants ALEXIS HERNANDEZ, SANTOS LEONEL ORTIZ-
FLORES, also known as "Black Angel," ███████████████████ OMAR

ANTONIO VILLALTA, also known as "Anticristo," and EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jefferson Villalobos, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

### COUNT SEVENTY-FOUR
(Attempted Murder of John Doe #7)

211.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

212.    On or about September 26, 2017, within the Eastern District of New York, the defendant ENRIQUE PORTILLO, also known as "Turkey" and "Oso," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #7, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT SEVENTY-FIVE
(Assault of John Doe #7 with Dangerous Weapons)

213.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

214.    On or about September 26, 2017, within the Eastern District of New York, the defendant ENRIQUE PORTILLO, also known as "Turkey" and "Oso," together

with others, for the purpose of maintaining and increasing position in the MS-13, an

enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe

#7 with one or more dangerous weapons, to wit: a sharpened metal object ("shank") and

combination locks tied to a bed sheet, in violation of New York Penal Law Sections

120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SEVENTY-SIX
(MDC Assault of John Doe #7)

215.    On or about September 26, 2017, within the Eastern District of New

York, and within the territorial jurisdiction of the United States, to wit: the Metropolitan

Detention Center in Brooklyn, New York, the defendant ENRIQUE PORTILLO, also known

as "Oso" and "Turkey," together with others, did knowingly and intentionally: (a) assault

John Doe #7 with one or more dangerous weapons, to wit: a shank and combination locks

tied to a bed sheet, with intent to do bodily harm, and without just cause or excuse; and (b)

assault John Doe #7, resulting in serious bodily injury.

(Title 18, United States Code, Sections 113(a)(3), 113(a)(6), 2 and 3551 et

seq.)

## COUNT SEVENTY-SEVEN
(Assault of John Doe #12 with Dangerous Weapons)

216.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

217.    On or about October 15, 2017, within the Eastern District of New York,

the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the

purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #12, an individual whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit: shanks and combination locks tied to a bed sheet, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

## COUNT SEVENTY-EIGHT
(MDC Assault of John Doe #12)

218.    On or about October 15, 2017, within the Eastern District of New York, and within the territorial jurisdiction of the United States, to wit: the Metropolitan Detention Center in Brooklyn, New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, did knowingly and intentionally assault John Doe #12 with one or more dangerous weapons, to wit: shanks and combination locks tied to a bed sheet, with intent to do bodily harm, and without just cause or excuse.

(Title 18, United States Code, Sections 113(a)(3), 2 and 3551 et seq.)

## COUNT SEVENTY-NINE
(Assault of John Doe #13 with Dangerous Weapons)

219.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

220.    On or about October 15, 2017, within the Eastern District of New York, the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #13, an individual

69

whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit:

shanks and combination locks tied to a bed sheet, in violation of New York Penal Law

Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT EIGHTY
(MDC Assault of John Doe #13)

221.    On or about October 15, 2017, within the Eastern District of New York,

and within the territorial jurisdiction of the United States, to wit: the Metropolitan Detention

Center in Brooklyn, New York, the defendant JEFFREY AMADOR, also known as "Cruel,"

together with others, did knowingly and intentionally assault John Doe #13 with one or more

dangerous weapons, to wit: shanks and combination locks tied to a bed sheet, with intent to

do bodily harm, and without just cause or excuse.

(Title 18, United States Code, Sections 113(a)(3), 2 and 3551 et seq.)

### COUNT EIGHTY-ONE
(Assault of John Doe #14 with Dangerous Weapons)

222.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

223.    On or about October 15, 2017, within the Eastern District of New York,

the defendant JEFFREY AMADOR, also known as "Cruel," together with others, for the

purpose of maintaining and increasing position in the MS-13, an enterprise engaged in

racketeering activity, did knowingly and intentionally assault John Doe #14, an individual

whose identity is known to the Grand Jury, with one or more dangerous weapons, to wit:

shanks and combination locks tied to a bed sheet, in violation of New York Penal Law

Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

<u>COUNT EIGHTY-TWO</u>
(MDC Assault of John Doe #14)

224.    On or about October 15, 2017, within the Eastern District of New York,

and within the territorial jurisdiction of the United States, to wit: the Metropolitan Detention

Center in Brooklyn, New York, the defendant JEFFREY AMADOR, also known as "Cruel,"

together with others, did knowingly and intentionally assault John Doe #14 with one or more

dangerous weapons, to wit: shanks and combination locks tied to a bed sheet, with intent to

do bodily harm, and without just cause or excuse.

(Title 18, United States Code, Sections 113(a)(3), 2 and 3551 et seq.)

<u>COUNT EIGHTY-THREE</u>
(Assault of John Doe #15 with Dangerous Weapons)

225.    The allegations contained in paragraphs one through five, 78 and 79 are

realleged and incorporated as if fully set forth in this paragraph.

226.    On or about September 10, 2018, within the Eastern District of New

York, the defendants JEFFREY AMADOR, also known as "Cruel," and EDWIN DIAZ, also

known as "Felon" and "Ramon A. Garcia," together with others, for the purpose of

maintaining and increasing position in the MS-13, an enterprise engaged in racketeering

activity, did knowingly and intentionally assault John Doe #15, an individual whose identity

is known to the Grand Jury, with one or more dangerous weapons, to wit: shanks, in

violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT EIGHTY-FOUR
(MDC Assault of John Doe #15)

227.   On or about September 10, 2018, within the Eastern District of New

York, and within the territorial jurisdiction of the United States, to wit: the Metropolitan

Detention Center in Brooklyn, New York, the defendants JEFFREY AMADOR, also known

as "Cruel," and EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together

with others, did knowingly and intentionally assault John Doe #15 with one or more

dangerous weapons, to wit: shanks, with intent to do bodily harm, and without just cause or

excuse.

(Title 18, United States Code, Sections 113(a)(3), 2 and 3551 et seq.)

### COUNT EIGHTY-FIVE
(Assault of a Federal Officer)

228.   On or about September 10, 2018, within the Eastern District of New

York, the defendants JEFFREY AMADOR, also known as "Cruel," and EDWIN DIAZ, also

known as "Felon" and "Ramon A. Garcia," together with others, did knowingly and

intentionally forcibly assault, resist, oppose, impede, intimidate and interfere with one or

more persons designated in Section 1114 of Title 18 of the United States Code, to wit: Jane

Doe #2, an employee of the United States Bureau of Prisons, whose identity is known to the

Grand Jury, while such person was engaged in, and on account of, the performance of her

72

official duties, and, in the commission of such acts, AMADOR and DIAZ inflicted bodily injury.

(Title 18, United States Code, Sections 111(a)(1), 111(b) and 3551 et seq.)

### COUNT EIGHTY-SIX
(MDC Assault of Jane Doe #2)

229.   On or about September 10, 2018, within the Eastern District of New York, and within the territorial jurisdiction of the United States, to wit: the Metropolitan Detention Center in Brooklyn, New York, the defendants JEFFREY AMADOR, also known as "Cruel," and EDWIN DIAZ, also known as "Felon" and "Ramon A. Garcia," together with others, did knowingly and intentionally assault Jane Doe #2 by striking, beating, and wounding, and without just cause or excuse.

(Title 18, United States Code, Sections 113(a)(4), 2 and 3551 et seq.)

### COUNT EIGHTY-SEVEN
(Attempted Murder of John Doe #8)

230.   The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

231.   On or about May 30, 2019, within the Eastern District of New York, the defendant ENRIQUE PORTILLO, also known as "Turkey" and "Oso," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally attempt to murder John Doe #8, in violation of New York Penal Law Sections 125.25(1), 110.00 and 20.00.

(Title 18, United States Code, Sections 1959(a)(5), 2 and 3551 et seq.)

### COUNT EIGHTY-EIGHT
(Assault of John Doe #8 with Dangerous Weapons)

232.    The allegations contained in paragraphs one through five, 78 and 79 are realleged and incorporated as if fully set forth in this paragraph.

233.    On or about May 30, 2019, within the Eastern District of New York, the defendant ENRIQUE PORTILLO, also known as "Oso" and "Turkey," together with others, for the purpose of maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally assault John Doe #8 with one or more dangerous weapons, to wit: shanks, in violation of New York Penal Law Sections 120.05(2) and 20.00.

(Title 18, United States Code, Sections 1959(a)(3), 2 and 3551 et seq.)

### COUNT EIGHTY-NINE
(MDC Assault of John Doe #8)

234.    On or about May 30, 2019, within the Eastern District of New York, and within the territorial jurisdiction of the United States, to wit: the Metropolitan Detention Center in Brooklyn, New York, the defendant ENRIQUE PORTILLO, also known as "Oso" and "Turkey," together with others, did knowingly and intentionally assault John Doe #8

with one or more dangerous weapons, to wit: shanks, with intent to do bodily harm, and

without just cause or excuse.

(Title 18, United States Code, Sections 113(a)(3), 2 and 3551 et seq.)


A TRUE BILL

_____

FOREPERSON


_____
RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK


BY:_____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

75

F.#: 2016R01021
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

JHONNY CONTRERAS, also known as "Reaper," "Muerte" and "Conejo," et al.,

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 111(a)(1), 111(b), 113(a)(3), 113(a)(4), 113(a)(6), 844(h)(1), 844(i),
844(n), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 924(j)(1), 1512(k),
1959(a)(1), 1959(a)(3), 1959(a)(4), 1959(a)(5), 1959(a)(6), 1962(c), 1962(d), 1963, 2, 3
and 3551 et seq.; T. 21, U.S.C., §§ 846, 841(b)(1)(C) and 841(b)(1)(D))

*A true bill.*

_____
                                                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                                         *Clerk*

*Bail, $* _____

***Paul G. Scotti, Assistant U.S. Attorney (631) 715-7836***